*Rodriguez v. City of Rochester*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of September, two thousand fifteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> PETER W. HALL,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges*.

——————————————————————————

ALBERTO RODRIGUEZ, BRAULIO LOPEZ, JOSELITO PEREZ, EDUARDO CRUZ, JOSE DIAZ, JOSE LAZA, DANIEL TORRES, JESUS FUENTES,

> *Plaintiffs-Appellants*,

v.                                                  No. 14-1220

CITY OF ROCHESTER, MANAGER KAREN ST. AUBIN, COMMISSIONER PAUL HOLOHAN,

> *Defendants-Appellees*.

——————————————————————————

For Plaintiffs-Appellants:          Melvin Bressler, Pittsford, NY.

For Defendants-Appellees:          John M. Campolieto *for* T. Andrew Brown, Corporation Counsel, Rochester, NY.

Appeal from the United States District Court for the Western District of New York (Geraci, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part, **VACATED** in part, and **REMANDED** for further proceedings.

Plaintiffs-Appellants Alberto Rodriguez, Braulio Lopez, Joselito Perez, Eduardo Cruz, Jose Diaz, Jose Laza, Daniel Torres, and Jesus Fuentes, all of whom are Hispanic employees of the City of Rochester, brought this suit pursuant to 42 U.S.C. §§ 1981 and 1983 alleging that the defendants violated their federal statutory and constitutional rights by forbidding them from speaking Spanish in the workplace regardless of whether their communications were work-related. On appeal, the plaintiffs argue that the district court erred by: (1) granting judgment as a matter of law in favor of defendant Karen St. Aubin pursuant to Rule 50(b) of the Federal Rules of Civil Procedure; and (2) conditionally granting St. Aubin's motion for a new trial pursuant to Rules 50(c)(1) and 59. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's ruling on a Rule 50(b) motion for judgment as a matter of law. *Kinneary v. City of New York*, 601 F.3d 151, 155 (2d Cir. 2010). A district court may grant such a motion only if it concludes that there is "such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or the evidence in favor of the movant is so overwhelming that reasonable and fair minded [persons] could not arrive at a verdict against [it]." *Brady v. Wal-Mart Stores, Inc.*, 531 F.3d 127, 133 (2d Cir. 2008) (quoting *Luciano v. Olsten Corp.*, 110 F.3d 210, 214 (2d Cir. 1997)). We review for abuse of discretion a district court's decision to grant a new trial. *Manley*

2

*v. AmBase Corp.*, 337 F.3d 237, 245 (2d Cir. 2003). A district court abuses its discretion if "(1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 169 (2d Cir. 2001) (footnote omitted).

The plaintiffs argue that the district court erred in granting judgment as a matter of law on the ground that St. Aubin was sued only in her official capacity. It is well established that "[w]here . . . doubt may exist as to whether an official is sued personally, in his official capacity or in both capacities, the course of proceedings ordinarily resolves the nature of the liability sought to be imposed." *Rodriguez v. Phillips*, 66 F.3d 470, 482 (2d Cir. 1995) (citing *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985)). Here, the district court based its determination that St. Aubin was sued in her official capacity on the following factors: (1) the caption identified St. Aubin by her official title and failed to state that she was being sued in her individual capacity; (2) the complaint focused on the City's purported "English-only policy"; (3) the defendants directed their Rule 50(a) motion towards the plaintiffs' failure to prove the existence of any such policy; (4) the defendants did not assert an affirmative defense of qualified immunity; and (5) the plaintiffs requested only compensatory damages for their constitutional cause of action. We agree that these factors indicate that the plaintiffs sued St. Aubin in her official capacity.

That conclusion, however, does not exclude the possibility that the plaintiffs *also* intended to sue her in her individual capacity, as individual- and official-capacity claims are not mutually exclusive. *See, e.g.*, *Yorktown Med. Lab., Inc. v. Perales*, 948 F.2d 84, 87 (2d Cir. 1991) (holding that "[plaintiff's] suit comprises both official and individual capacity claims"). To the contrary, numerous aspects of the plaintiffs' claims and the proceedings below indicated

3

that the plaintiffs intended to sue St. Aubin in her individual capacity in addition to her official capacity. *Id.* at 88–89 ("[W]e look to the totality of the complaint as well as the course of proceedings to determine whether the defendants were provided with sufficient notice of potential exposure to personal liability.").

First, the plaintiffs named St. Aubin as a defendant in addition to the City of Rochester itself, which would have been duplicative had they intended to bring only official-capacity claims. *See Lore v. City of Syracuse*, 670 F.3d 127, 168 (2d Cir. 2012) (explaining that, in an official-capacity suit, "the real party in interest is the [municipal] entity" (quoting *Graham*, 473 U.S. at 166)). Second, the plaintiffs requested punitive damages, which are available only in an individual-capacity suit, for their hostile-work-environment claim. *See Phillips*, 66 F.3d at 482 (noting, *inter alia*, that "the complaint seeks punitive damages, which are not available against the state," and concluding that defendant was sued in his individual capacity). Third, although much of the plaintiffs' complaint concerns the alleged "English-only policy," certain paragraphs focus on St. Aubin's conduct in enforcing that policy, suggesting that they wanted the district court to hold her individually liable. Fourth, in response to the defendants' Rule 50(a) motion for judgment as a matter of law, the plaintiffs argued that they sought to challenge "the enforcement of the policy, not the policy per se," specifically, St. Aubin's conduct in telling the plaintiffs, "in violation of a well-settled City practice and in contravention of that practice, don't speak Spanish during your casual conversations." Finally, the defendants failed to object either to the district court's instructing the jury on punitive damages or to its repeated statements that the jury could find against the City, Commissioner Paul Holohan, *or* St. Aubin. These failures indicate that, despite her failure to advance a qualified immunity defense, St. Aubin was aware of her "potential exposure to personal liability." *Yorktown*, 948 F.2d at 89. We therefore conclude that

4

there are sufficient indicia of an individual capacity claim to preclude finding that St. Aubin was sued only in her official capacity as a matter of law. Accordingly, we respectfully hold that the district court erred in concluding that St. Aubin was sued only in her official capacity, so we vacate that portion of the district court's judgment, and we remand for the district court to consider whether St. Aubin is entitled to judgment as a matter of law on the other grounds that the defendants previously raised in their motion pursuant to Rules 50(b) and 59.[1]

In the alternative to its holding on the official-capacity issue, the district court held that the evidence was insufficient to support the jury's award of punitive damages. *See Rodriguez v. City of Rochester*, 12 F. Supp. 3d 598, 607–08 (W.D.N.Y. 2014) ("[E]ven if Plaintiffs had sued Manager St. Aubin in her individual capacity, the record is devoid of any evidence of an 'evil motive or intent' or 'callous indifference' that is indispensable to an award of punitive damages." (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)). Because the plaintiffs do not raise this issue on appeal, they have abandoned it. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995) (holding that issues not argued on appeal are deemed abandoned); Fed. R. App. P. 28(a)(8)(A) (providing that an appellant's brief must contain "appellant's contentions and the reasons for them"). Moreover, we discern no error in the district court's holding. Accordingly, we affirm the district court's grant of judgment as a matter of law with respect to punitive damages.

Finally, the district court conditionally granted St. Aubin's motion for a new trial on the same grounds as it granted judgment as a matter of law in her favor—*i.e.*, that St. Aubin was sued only in her official capacity. For the reasons discussed above, that decision was erroneous.

---

[1] We do not reach the plaintiffs' contention, which they raised below but do not press on appeal, that the defendants waived the argument that St. Aubin was not sued in her individual capacity by failing to raise it in their Rule 50(a) motion.

5

Accordingly, we vacate the district court's conditional grant of a new trial with respect to the plaintiffs' claims for compensatory damages and remand to the district court to consider St. Aubin's motion for a new trial in light of our holding.

We have considered the plaintiffs' remaining arguments and find them to be without merit. For the reasons stated herein, the district court's grant of judgment as a matter of law is **AFFIRMED** with respect to punitive damages, but is **VACATED** with respect to liability and compensatory damages. The district court's grant of a new trial is **VACATED** and the case is **REMANDED** for further proceedings consistent with this Summary Order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6